U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR -5 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JASON LEE JOHNSTON, §
§
    Movant, §
§
VS. § NO. 4:18-CV-976-A
§ (NO. 4:07-CR-130-A)
UNITED STATES OF AMERICA, §
§
    Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Jason Lee Johnston ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:07-CR-130-A, styled "United States of America v. Jason Lee Johnston, et al.," the court has concluded that the motion should be dismissed as untimely.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On August 15, 2007, movant was named in a three-count indictment charging him in count one with attempted murder of an officer of the United States, in violation of 18 U.S.C.

§ 1114(3), in count two with the use and carry of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), and, in count three with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 2. CR Doc.[1] 11. On October 19, 2007, movant appeared before the court with the intent to enter a plea of guilty to the offense charged by count three of the indictment without benefit of a plea agreement. CR Doc. 31. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 32. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the

---

[1] The "CR Doc.___" reference is to the number of the item on the docket in the underlying criminal case.

2

factual resume and movant understood the meaning of everything in it and the stipulated facts were true and correct. CR Doc. 88.

On October 23, 2007, movant was named in a superseding indictment charging him in count one with attempted first degree murder of a federal officer, in violation of 18 U.S.C. § 1114(3), in count two with attempted felony-murder of a federal officer, in violation of 18 U.S.C. § 1114(3), in count three with forcible assault with a deadly and dangerous weapon upon a federal officer, in violation of 18 U.S.C. §§ 111(a)(1) and 111(b), and in count four with carrying and using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(a)(A)(iii). CR Doc. 41. Movant was tried by a jury and convicted on all counts. CR. Doc. 51.

On February 15, 2008, movant was sentenced to a term of imprisonment of 240 months as to count one of the superseding indictment, a term of imprisonment of 120 months as to count three of the original indictment, and a term of life imprisonment as to count four of the superseding indictment, all to run consecutively to each other. CR Doc. 75. Movant appealed and the judgment was affirmed. United States v. Johnston, 312 F. App'x 622 (5th Cir. 2009).

By letter dated December 6, 2011, movant sought to obtain from the clerk's office copies of all materials, including

3

transcripts, pertaining to his case. CR Doc. 119. On June 24, 2016, movant filed a motion for extension of time to file a motion under § 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015). CR Doc. 128. The court denied the motion, as there was no authority for granting relief. CR Doc. 129.

II.

Grounds of the Motion

Movant asserts nine grounds in support of his motion. Doc.[2] 1. They are lengthy, rambling, and to a large extent, incoherent, but the court need not discuss them as it is plain that the motion is untimely.

III.

Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for

---

[2]The "Doc.___" reference is to the number of the item on the docket in this civil action.

4

the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Limitations

A one-year limitation period applies to the filing of a motion to vacate, set aside, or correct sentence. The limitation period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;

>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (4) the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The statutory time limits are subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). However, the doctrine is applied restrictively and only in rare and exceptional circumstances. In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). The burden is the prisoner's to demonstrate that equitable tolling should apply. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). To be entitled to equitable tolling, the prisoner must show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented his timely filing. Holland, 560 U.S. at 649. The failure to satisfy limitations must result from external factors beyond the prisoner's control; delays of his own making do not qualify. In re Wilson, 442 F.3d at 875. The doctrine applies principally where the prisoner is misled by the government or prevented in some extraordinary way

from asserting his rights. Fierro v. Cockrell, 294 F3d 674, 682 (5th Cir. 2002). Neither ignorance of the law nor excusable neglect is sufficient to justify equitable tolling. Id.

IV.

Analysis

Movant did not timely petition the Supreme Court for a writ of certiorari; therefore, his judgment became final on May 27, 2009. Clay v. United States, 537 U.S. 522, 525 (2003)(for the purpose of starting the clock on the one-year time limit for a motion under 28 U.S.C. § 2255, a judgment of conviction becomes final when the 90 day time period expires for the filing of a petition for certiorari). He did not file the motion under consideration until December 2018, well after the time for doing so had expired.

Movant asserts a number of excuses for the failure to have timely filed his motion. None of them has any merit.

Movant first argues that the prison library at the place of his confinement does not make available the required § 2255 forms. Doc. 7 at 2. Movant does not provide any explanation as to how this prevented him from timely filing his motion. The clerk routinely provides forms to prisoners who request them.[3] Further,

---

[3] Attachment A to movant's reply reflects that such is the case. Doc. 16.

7

the clerk provides the forms even if it is not clear what relief the prisoner might be seeking. In this case, movant has made no attempt to show that any lack of legal materials actually prevented him from timely filing his § 2255 motion. See Krause v. Thaler, 637 F.3d 558, 561 (5th Cir. 2011)(simply alleging a subpar prison library or legal assistance does not meet the test).

Movant says that he exercised due diligence, referencing the court's earlier denial of his motion for extension of time to file a § 2255 motion and to his request in 2014 for court records. Doc. 7 at 2. But, movant's actions in 2014 and 2016 do not explain the delay from the time his judgment became final, much less his failure to take any other steps to pursue his motion until more than eight years had elapsed.

Movant alludes to the "dual appointment of attorney J. Warren St. John as trial/appellate attorney, and prosecutorial and judicial misconduct by AUSA Jay Dewald" and the undersigned referenced in certain grounds of his motion as "government created impediments" to excuse his late filing of the motion. Doc. 7 at 3. Of course, in most cases the same attorney represents the defendant in the trial court and on appeal. And, even if there were the slightest merit to movant's contentions regarding misconduct, and there is not, such conduct occurred

8

prior to movant's judgment becoming final. In no way would they have prevented movant from timely pursuing his motion under § 2255. See Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003).

Under the subheading "Common-law tolling," movant seems to argue that the underlying state sentences never became final because his probation was never revoked. Doc. 7 at 3-4. As for the first felony, possession of a controlled substance, the PSR reflects that this was a felony conviction, not deferred adjudication. PSR ¶ 43. As for the second, aggravated robbery for which movant received deferred adjudication, PSR ¶ 45, under Texas law, the underlying adjudication may only be appealed at the time probation is given. United States v. Vasquez, 298 F.3d 354, 359 (5th Cir. 2002). A defendant whose deferred adjudication is revoked may only appeal from the revocation. Id. At the time movant pleaded guilty to count three of the indictment, his Texas convictions were final. Movant alludes to his actual/factual innocence, Doc. 7 at 4, but has not shown that such is the case. See McQuiggen v. Perkins, 569 U.S. 383, 386 (2013)(the actual innocence gateway is rare and is not met unless the movant shows that no reasonable juror would have voted to find him guilty beyond a reasonable doubt).

Movant additionally refers to mental disabilities and solitary confinement as providing excuses for his failure to timely file his motion. Doc. 7 at 4-5. He does not provide sufficient information to substantiate these allegations. Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999). Movant does not show what specific time periods would count or that he was diligently pursuing relief with the remainder of his time.

Finally, movant vaguely refers to "changes in laws" as supporting his request for equitable tolling. Doc. 7 at 5. This argument is wholly unsupported and unsupportable.

In his reply, movant asks the court to specifically address the "sharp practice" of the government's attorney, alleging that the response is somehow misleading and an attempt to commit fraud on the court. Doc. 16 at 2-3. That movant disagrees with the government's response does not support the allegation that the government's attorney committed sanctionable conduct. Movant simply has not shown that he is entitled to equitable tolling.

V.

Order

The court ORDERS that movant's motion under 28 U.S.C. § 2255 be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255

Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 5, 2019.

_____
JOHN McBRYDE
United States District Judge